## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| DUSTIN GRAHAM GILBERT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:25-cv-00549-JAW |
| | ) | |
| UNIVERSITY OF WISCONSIN MADISON, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT

Through his filing to initiate this action, Plaintiff seeks to subpoena an individual to testify as to certain technology that Defendant allegedly employs. (Complaint, ECF No. 1.) Plaintiff requests an injunction, evidently to stop the use of the technology.

In addition to his complaint, Plaintiff filed an application to proceed without the prepayment of the filing fee (ECF No. 3), which application the Court granted. (Order, ECF No. 5.) Pursuant to the statute that governs matters filed without the prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

### FACTUAL ALLEGATIONS

Plaintiff asserts that he recently viewed an interview of an individual who discussed a technology that could be the cause of harm to him and others. Plaintiff alleges that the interviewee suggested that technology could have caused earthquakes in another country

in 2011 and can cause auditory hallucinations, which symptoms Plaintiff suspects might be similar to those that he has experienced. Plaintiff asks the Court to subpoena the individual and possibly another person. Plaintiff also asks the Court to stop Defendant's use of the technology.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by

2

lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The jurisdiction of the federal courts is limited to "Cases" and "Controversies." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016) (quoting U.S. Const. art. III, § 2, cl. 1). The limitation reflects "the proper – and properly limited – role of the courts in a democratic society." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Here, Plaintiff has not alleged a theory of recovery or facts that would support a potential theory of recovery. Instead, Plaintiff essentially seeks the Court's assistance in his effort to explore further the information discussed during the interview that he recently viewed. The Court's role is to adjudicate cases, not to conduct investigations at the request of a party. *See Miles v. Morgan*, No. 3:25-cv-158-MMH-PDB, 2025 WL 2997729, at *2 n.3 (M.D. Fla. Oct. 24, 2025). Plaintiff has not asserted a case or controversy within the Court's jurisdiction.[1]

---

[1] In his filing, Plaintiff suggests that the use of the technology might violate a treaty, namely the 1978 Convention on the Prohibition of Military or any Other Hostile Use of Environmental Modification

Even if Plaintiff's filing could be construed as asserting a potential cause of action, Plaintiff has alleged no facts that would support a plausible claim against Defendant. Plaintiff's sole allegation regarding Defendant is that Defendant used a certain technology. Plaintiff's filing lacks any facts that would support a finding that Defendant's alleged use of the technology caused harm to Plaintiff.

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, for the reasons explained above, I find that Plaintiff's filing does not assert a case or controversy and otherwise fails to allege an actionable claim. Accordingly, I recommend the Court dismiss the matter.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of December, 2025.

---

Techniques. To the extent Plaintiff's claim is based on an alleged violation of the treaty, Plaintiff has not cited any authority that would support an individual cause of action to enforce the treaty.